# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WALTER THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE NO: _____ |
| ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |
| VICTOR HILL, in his individual capacity, ) | |
| and DOES 1-50, inclusive, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DAMAGES

NOW COMES, WALTER THOMAS, Plaintiff herein, and hereby submits this his Complaint for Damages, by and through counsel, against the above-named Defendants on the following grounds:

## JURISDICTION AND VENUE

**1.**

This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331 and 1343. Venue in this district and division is proper under 28 U.S.C. § 1391 as the

1

Defendants are located in the Northern District of Georgia, Atlanta Division, and the conduct complained of herein occurred in Clayton County [hereinafter "County"], Georgia and therefore within this district and division.

## PARTIES

2.

Plaintiff WALTER THOMAS, is a resident of Miami, Florida, and is readily recognizable as an African American male.

3.

Defendant VICTOR HILL is and at all times herein mentioned the constitutionally elected Sheriff for CLAYTON COUNTY at the time of the subject incident.

4.

Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages

because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, or ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiff will ask for leave to amend this complain subject to further discovery.

a)  In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the CLAYTON COUNTY SHERIFF'S OFFICE.

b)  In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

c)  Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant and employee and/or in concert with each of said other Defendants herein.

## STATEMENT OF FACTS

**5.**

The incident took place at approximately 12:30 p.m. on May 11, 2020 as Plaintiff was driving southbound along I-75 in Clayton County, Georgia.

6.

Plaintiff was driving home to Miami, Florida from a vacation for Mother's Day. He was pulled over by a Georgia State Trooper and asked for his license and registration. On learning that the Plaintiff's license was suspended, the Trooper arrested Plaintiff, placed him in handcuffs and took him to the Clayton County Jail. Plaintiff was compliant during his detention, arrest and transport.

7.

During the booking process at the County Jail, Plaintiff was confronted by County Sheriff VICTOR HILL himself and several Sheriff's Deputies. Despite being compliant, non-threatening and exhibiting no behavior which would justify the use of restraints whatsoever, VICTOR HILL and his deputies, strapped Plaintiff in a restraint chair with his arms handcuffed behind him and his legs shackled. Moreover, they placed a white cloth bag over his head again for no justifiable reason.

8.

Shortly after being restrained, Plaintiff was punched in the face by an unidentified Sheriff deputies or jailors, injuring his lip and jaw.

9.

Plaintiff was left in the room restrained for approximately 4-5 hours without medical attention and without the ability to relieve himself, forcing him to urinate on himself while restrained.

10.

During the booking process, Plaintiff was verbally taunted by deputies, including calling him a "nigger" and a "punk ass", and told by one deputy that if he had wanted to hit him, he would have hit him when he first came into the jail.

11.

During the booking process, Plaintiff was forced for some reason to take off his orange jail jumpsuit and sit naked in a room for hours on end, with only a thin tissue sheet to cover him.

12.

Plaintiff was never given the opportunity to make a phone call to his family or to his work to inform them of his false imprisonment and abuse.

13.

Other than a cursory "once over" by a nurse, Plaintiff was not provided any medical attention while in the jail facility.

## **DAMAGES**

**14.**

As a result of Defendants' conduct, Plaintiff has incurred loss of liberty, shame, and humiliation, along with other physical and mental pain and suffering and will continue to suffer into the future.

**15.**

As a result of Defendants' conduct, Plaintiff has incurred special damages in an amount to be proven at trial.

**16.**

All of the Defendant's actions complained of in this Complaint showed actual malice, willful conduct, wantonness, oppression or the entire want of care which raises the presumption of conscious indifference to consequences.  His acts were taken to harm Plaintiff and to deprive him of his constitutional rights.

**17.**

Plaintiff should be awarded actual damages as well as punitive damages in an amount sufficient to deter, penalize, and punish Defendant in light of the circumstances of this case.

## SUBSTANTIVE ALLEGATIONS

## COUNT ONE: EXCESSIVE FORCE IN VIOLATION OF THE FOURTEENTH AMENDMENT'S DUE PROCESS CLAUSE TO THE UNITED STATES CONSTITUTION ENFORCED VIA 42 U.S.C. § 1983.

### (All Defendants)

**18.**

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

**19.**

Upon being arrested and booked into the Clayton County Jail as misdemeanor pretrial detainee, Plaintiff was personally visited by Defendant VICTOR HILL who ordered Defendant DOES to strap Plaintiff into a restraint with a bag over his head, all without any rational justification related to a legitimate non-punitive governmental purpose. Defendant DOES then punched Plaintiff in the face while he was restrained in the restraint chair.

**20.**

At no time during his incarceration did Plaintiff make any statements, exhibit any behavior, or take any action that would indicate he was a threat to himself or others. Moreover, Plaintiff was compliant and did as ordered during his entire incarceration.

**21.**

Defendants' restraint and use of force against Plaintiff was wholly unnecessary, objectively unreasonable, and served no legitimate non-punitive governmental purpose.

**22.**

Defendants acted with actual malice and with the specific intent to injure Plaintiff.

**23.**

Defendants were acting under the color of law and is liable for damages arising from the punitive restraint and excessive force used against Plaintiff.

**COUNT TWO: ATTORNEY'S FEES**

**(All Defendants)**

**24.**

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 23 above as if fully restated.

**25.**

Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to an award of reasonable attorney's fees and costs of litigation.

**WHEREFORE PLAINTIFF PRAYS:**

(a) that Defendants be served with a copy of this Complaint and process as provided by law;

(b) that Plaintiff recover of Defendants special and general damages as proven at trial;

(c) that Plaintiff recover punitive damages against Defendants;

(d) that Plaintiff recover costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988;

(e) that Plaintiff have a trial by jury;

(f) that Plaintiff have such further relief as the Court may deem just and proper;

>  ***DEMAND FOR JURY TRIAL***
>  Plaintiff requests trial by jury for all issues so triable.

Respectfully submitted this 3rd October, 2022.

/s/ Darryl L. Scott_____
Darryl L. Scott
Georgia Bar No. 635479
Attorney for Plaintiff

Law Office of Darryl L. Scott, LLC
33 Jonesboro Street
McDonough, GA 30253
(770) 474-5646
Darryl@dscottlawoffice.com